United States District Court
for the
Southern District of Florida

| | |
|---|---|
| The Smiley Company SPRL,<br>Plaintiff,<br><br>v.<br><br>The Individuals, Partnerships, and<br>Unincorporated Associations<br>identified on Schedule "A",<br>Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 23-22352-Civ-Scola<br>)<br>)<br>)<br>)<br>) |

## Order Requiring Documentary Materials for
## *Ex Parte* Application for Entry of Temporary Restraining Order

This matter is before the Court on the Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (ECF No. 7), filed under 15 U.S.C. § 1116, 17 U.S.C. § 502, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a) (the "Motion").

The Plaintiff's Motion asks the Court to enter a temporary restraining order and an order restraining the financial accounts used by 429 separate Defendants. In support thereof, Schedule "D" to the Motion provides web page captures from only *some* of the Defendants' e-commerce stores. In addition, the Motion is accompanied by the Declaration of Richard Guerra, counsel of record for the Plaintiff, who "certifies that similar evidence was obtained and reviewed for each and every Defendant identified in Schedule 'A'," and that the "comprehensive list of evidence can be immediately provided to the Court under seal upon request." (R. Guerra Decl. ¶4, ECF No. 7-5.)

The Court orders the Plaintiffs to file the evidence for each and every Defendant identified in Schedule "A". Among other reasons, Rule 65 specifies that a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . **specific facts** in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. Pro. 65(b)(1)(A) (emphasis added). Without prejudging the merits of the Plaintiff's Motion, the Court notes that it is doubtful whether the eight "representative" samples it has provided in Schedule "D" can meet the requirements of Rule 65.

Accordingly, the Plaintiff is ordered to provide documentary evidence of the purportedly infringing products for each and every one of the 429

Defendants identified in Shedule "A". In so doing, the Plaintiff shall organize and label the information in a way that facilitates the Court's review of the purportedly infringing products for each online shop. The Plaintiff may file the evidence under seal.

**Done and ordered** in Miami, Florida, on June 30, 2023.

Robert N. Scola, Jr.
United States District Judge