United States District Court
for the
Southern District of Florida

| | |
|---|---|
| The Smiley Company SPRL, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>The Individuals, Partnerships, and )<br>Unincorporated Associations )<br>identified on Schedule "A", )<br>Defendants. ) | Civil Action No. 23-22352-Civ-Scola |

### Order Authorizing Alternate Service of Process

This matter is before the Court upon the Plaintiff The Smiley Company SPRL's ("Plaintiff") ex parte motion for order authorizing alternate service of process on the Defendants pursuant to Federal Rule of Civil Procedure 4(f)(3) (Mot., ECF No. 8) seeking this Court's authorization to effectuate service of process by e-mail and electronic publication. For the reasons stated herein, the Court **grants** the motion. (**Mot., ECF No. 8**.)

1. **Background**

On June 26, 2023, the Plaintiff filed the present action for federal trademark infringement, false designation of origin, common law unfair competition, common law trademark infringement, and copyright infringement. (Compl., ECF No. 1.) The Plaintiff alleges that the Defendants are promoting, selling, reproducing, offering for sale, and distributing goods bearing or using counterfeits and confusingly similar imitations of the Plaintiff's licensed intellectual property through various Internet-based e-commerce stores. (*Id.*)

In its motion, the Plaintiff requests an order authorizing service of process on the Defendants by e-mail service and website posting. (Mot., ECF No. 8.) The Plaintiff argues that electronic service by these means is sufficient to provide notice to the Defendants, who it believes reside in or operate entirely outside of the United States and have established Internet-based businesses and utilize electronic means as reliable forms of contact. (*See generally id.*; R. Guerra Decl. on Service ¶¶ 15-17, ECF No. 8-1.)

2. **Analysis**

Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Service pursuant to Rule 4(f)(3) is neither "a last resort nor extraordinary relief." *See*

*Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). All that is required is that the proposed service is not prohibited by international agreement and such service comports with Constitutional due process, meaning that it is "reasonably calculated" to provide the defendants notice and an opportunity to defend. *See Rio Props.*, 284 F.3d at 1016; *see also Chanel, Inc. v. Zhixian*, No. 10-CV-60585-COHN/SELTZER, 2010 U.S. Dist. LEXIS 50745, at *8 (S.D. Fla. Apr. 29, 2010) (Cohn, J.).

Here, service by e-mail and web publication are not prohibited by international agreement. The Plaintiff provides evidence that each of the foreign jurisdictions associated with the Defendants' Seller IDs is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"). (R. Guerra Decl. on Service ¶¶ 17-18, ECF No. 8-1.) The Hague Service Convention does not specifically preclude service by e-mail and Internet publication. *See Malletier v. Individuals*, No. 20-61122-CIV-ALTONAGA/Strauss, 2020 U.S. Dist. LEXIS 141966, at *3 (S.D. Fla. June 9, 2020) (Altonaga, C.J.).

Indeed, even where a signatory nation has objected to the alternate means of service provided by the Hague Service Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as email or website posting. *See Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternate forms of service set forth in the Hague Service Convention is limited to the specific forms of service objected to). "A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means." *Karsten Mfg. Corp. v. Janit Store*, No. 18-61624-CIV, 2018 U.S. Dist. LEXIS 225682, at *3 (S.D. Fla. July 26, 2018) (Altonaga, C.J.).

Further, service of process by e-mail has commonly been upheld in circumstances like those here. *See, e.g.*, *Rio Props.*, 284 F.3d at 1018 ("When faced with an international e-business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process."); *Malletier*, 2020 U.S. Dist. LEXIS 141966, at *4 (holding that service by email and website posting is permitted where the defendants "conduct[] their businesses over the Internet," "use[] e-mail regularly in their businesses," and the plaintiff shows that email is "likely to reach defendants").

Here, the Defendants each have at least one known and valid form of electronic contact, and the Plaintiff has created a website for the sole purpose of providing notice of this action to the Defendants. The address to this website will be provided to the Defendants through their known e-mail addresses and onsite contact forms embedded in the Defendants' respective e-

commerce stores or websites.

Service by e-mail and website posting are therefore reasonably calculated, under all circumstances, to apprise the Defendants of the pending action and afford them an opportunity to respond. Moreover, these are the most likely means of communication to reach the Defendants, who operate via the Internet and rely on electronic communications for the operation of their businesses. *See Breitling U.S.A., Inc. v. 3C Elec.*, No. 17-cv-60519-UU, 2017 U.S. Dist. LEXIS 227280, at *6 (S.D. Fla. Apr. 5, 2017) (Ungaro, J.).

For these reasons, the Court **grants** the Plaintiff's motion. (**Mot., ECF No. 8**.) The Plaintiff is permitted to serve the Summonses, Complaint, and all other filings and discovery in this matter upon each Defendant in this action:

(a) via e-mail by providing the address for the Plaintiff's designated serving notice website to the Defendants via the e-mail accounts provided by each Defendant as part of the data related to its e-commerce store, including customer service e-mail addresses, onsite contact forms, and private messaging application or services, or via the e-commerce marketplace platform for each of the e-commerce stores; AND

(b) via website posting by posting a copy of the Summonses, Complaint, and all filings and discovery in this matter on the Plaintiff's designated serving notice website appearing at the following URL: https://www.dropbox.com/scl/fo/ftazryndvzffe6xefmbdx/h?dl=0&rlkey=5c3ljw0qeo5yfxfruk1srrsz5.

**Done and ordered**, at Miami, Florida, on July 10, 2023.

_____
Robert N. Scola, Jr.
United States District Judge