UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:23-CV-22352-RNS

THE SMILEY COMPANY SPRL,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

**DECLARATION OF JAVIER SOBRADO IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**

I, Javier Sobrado, declare and state as follows:

1. I am an attorney duly authorized and licensed to practice law before all courts in the State of Florida and the Southern District of Florida. I am counsel of record for Plaintiff, The Smiley Company SPRL. ("Plaintiff"). I have personal knowledge of the facts set forth herein and make this declaration in support of Plaintiff's Motion for Entry of Final Default Judgment against Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" to Plaintiff's Motion for Entry of Final Default Judgment (collectively "Defendants"). If called upon to do so, I could and would competently testify to the following facts set forth below.

2. On June 29, 2023, Plaintiff filed its *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (the "Application for Temporary Restraining Order") [ECF No. 7]. I hereby incorporate by reference

all factual allegations contained in the Declaration of Richard Guerra in support of Plaintiff's Application for Temporary Restraining Order [ECF No. 7-5][1].

3. On July 10, 2023, this Court entered a Sealed Order Granting *Ex Parte* Application for Entry of Temporary Restraining Order [ECF No. 17], and subsequently converted the temporary restraining order into a Preliminary Injunction on August 7, 2023 ("Preliminary Injunction") [ECF No. 60]. The temporary restraining order and preliminary injunction required, inter alia, any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any of the Defendants, including but not limited to, AliExpress, Alipay, Dhgate, Dhpay, Joom, Wish, Wishpay, Amazon, Amazon Pay, eBay, Etsy, and/or Taobao, and their related companies and affiliates (collectively, the "Third Party Providers"), and their related companies and affiliates,

> b. Provide the Plaintiff expedited discovery of the following: (i) the identity of all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the Seller IDs identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); (ii) the identity and location of the Defendants identified in Schedule "A," including all known contact information including any and all known aliases and associated e-mail addresses; (iii) an accounting of the total funds restrained and identities of the financial account(s) and sub-account(s) for which the restrained funds are related[.]

(*See* Temporary Restraining Order [ECF No. 8] at pp. 17; *see also* Order granting Motion for Preliminary Injunction [ECF No. 60] at p. 19). Further, the Temporary Restraining Order and Preliminary Injunction apply to "Seller IDs, associated ecommerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial

---

[1] Supplemental Schedule D to that declaration (ECF Nos. 14-1 – 14-4) contains the evidence obtained and reviewed for each Defendant identified on Default Schedule "A" to the Complaint, including evidence for all of the defaulting defendants, namely web page captures from Defendants' Internet based e-commerce stores operating under the Seller IDs, offering for sale products bearing counterfeits of, at least one of the Smiley Marks and/or Copyrighted Works.

accounts which are being used by Defendants for the purpose of counterfeiting and infringing the Smiley Marks at issue in this action and/or unfairly competing with Plaintiff." *Id.* Accordingly, pursuant to the Temporary Restraining Order and Preliminary Injunction [ECF No. 60], Plaintiff requested that the Third-Party providers restrain all funds in Defendants' accounts. Subsequently, my firm received notice from the applicable financial institutions that they complied with the requirements of the Court's Orders.

4. On July 10, 2023, the Court also entered an Order Granting Motion for Alternative Service, [ECF No. 18], granting Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3). Pursuant to the Court's Order authorizing alternative service, on July 24, 2023, Plaintiff served each Defendant with their respective Summons and a copy of the Complaint via electronic mail ("e-mail") and website posting. (*See* [ECF No. 29], Proof of Service on file with the Court.)

5. The time allowed for Defendants to respond to the Complaint has expired.

6. To date, Defendants have not filed any responsive pleadings to the Complaint, have not requested an enlargement of time to respond to the Amended Complaint, nor have Defendants entered a formal appearance *pro se* or by counsel on their behalf.

7. I am informed and believe none of the Defendants are infants or incompetent persons, and, upon information and belief, the Servicemembers Civil Relief Act does not apply.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this <u>25th</u> day of September, 2023, at Miami, Florida.

<u>*/Javier Sobrado/*</u>
Javier Sobrado
