United States District Court
for the
Southern District of Florida

| | |
|---|---|
| The Smiley Company SPRL, <br> Plaintiff, <br><br> v. <br><br> The Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A", <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 23-22352-Civ-Scola <br> ) <br> ) <br> ) <br> ) <br> ) |

**<u>Order Adopting Magistrate Judge's Report And Recommendation</u>**

This cause comes before the Court on the Plaintiff The Smiley Company SPRL's motion for final default judgment against certain Defendants: the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" (ECF Nos. 82; 82-1) (the "Defaulting Defendants").[1] The motion was referred to United States Magistrate Judge Jonathan Goodman for a report and recommendations. (Court's Ref., ECF No. 84.) The Plaintiff brought five claims: trademark counterfeiting and infringement under the Lanham Act (count 1), false designation of origin under the Lanham Act (count two), common law unfair competition (count 3), common law trademark infringement (count 4), and copyright infringement (count 5). (ECF No. 1.) Judge Goodman recommends the Court grant the Plaintiff's motion for default judgment on all counts. (ECF No. 88.) Judge Goodman recommended the Court issue a permanent injunction and award the Plaintiff $55,000 in statutory damages ($25,000 for the copyright infringement claim and $30,000 for the Lanham Act claims) for each Defaulting Defendant. None of the Defaulting Defendants filed objections to the report and recommendations.

A district court judge must conduct a de novo review of only "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636. Where no objections are made, a report may be adopted in full without conducting a de novo review, provided no plain error exists. *See id.*; *Menendez v. Naples Cmty. Hosp. Inc.*, No. 2:20-CV-898-SPC-MRM, 2021 U.S. Dist. LEXIS 215317, 2021 WL 5178496, at *1 (M.D. Fla. Nov. 8, 2021) (collecting cases).

---

[1] Judge Goodman's report identifies the 344 Defaulting Defendants. (ECF No. 88, n.1.)

The Court has considered Judge Goodman's report, the record, and the relevant legal authorities. The Court finds Judge Goodman's report and recommendations cogent and compelling. The Court **affirms and adopts** Judge Goodman's report and recommendations. (**ECF No. 88**.) The Court **grants** Plaintiff's motion for default judgment. (**ECF No. 82**.) Accordingly, the Court enters **final default judgment** in favor of the Plaintiff and against the Defaulting Defendants. The Court awards the Plaintiff $55,000 in statutory damages per Defaulting Defendants and issues a permanent injunction against the Defaulting Defendants. It is hereby **ordered** and **adjudged**:

1. The Defendants and their officers, directors, employees, agents, subsidiaries, distributors, and all persons acting in concert and participation with the Defendants are hereby permanently restrained and enjoined from:
    a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing the Plaintiff's trademarks, or any confusingly similar trademarks identified in Paragraph 25 of the Complaint (the "Smiley Marks") (ECF No. 1);
    b. using any reproduction, counterfeit, copy, derivative, or colorable imitation of the copyrighted works identified in Paragraph 32 of the Complaint (the "Copyrighted Works");
    c. using the Smiley Marks or Copyrighted Works in connection with the sale of any unauthorized goods;
    d. using any logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff;
    e. falsely representing themselves as being connected with the Plaintiff, through sponsorship or association;
    f. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants are in any way endorsed by, approved by, and/or associated with the Plaintiff;
    g. using any reproduction, counterfeit, copy, or colorable imitation of the Smiley Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants;
    h. affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation,

      including words or other symbols tending to falsely describe or represent goods offered for sale or sold by the Defendants as being those of the Plaintiff or in any way endorsed by the Plaintiff;

i. otherwise unfairly competing with the Plaintiff;

j. using the Smiley Marks, or any confusingly similar trademarks, or the Copyrighted Works, or any substantially similar works, on e-commerce marketplace sites, domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and from any other form of use of such terms which are visible to a computer user or serves to direct computer searches to e-commerce stores, websites, and/or Internet businesses registered, owned, or operated by the Defendants; and

k. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

2. Additional Equitable Relief:

a. Upon the Plaintiff's request, the Internet marketplace website operators and/or administrators for the Internet based e-commerce stores operating under the seller identification names identified on Schedule "A" hereto (the "Seller IDs"), including but not limited to AliExpress, Alipay, Dhgate, Dhpay, Joom, Wish, Wishpay, Amazon, Amazon Pay, eBay, Etsy, and/or Taobao, shall permanently remove any and all listings and associated images of goods bearing counterfeits and/or infringements of the Smiley Marks or Copyrighted Works via the e-commerce stores operating under the Seller IDs, and any other listings and images of goods bearing counterfeits and/or infringements of the Smiley Marks or Copyrighted Works associated with the same sellers or linked to any other alias seller identification names or e-commerce stores being used and/or controlled by the Defendants to promote, offer for sale and/or sell goods bearing counterfeits and/or infringements of the Smiley Marks or Copyrighted Works; and

b. Upon the Plaintiff's request, any Internet marketplace website operator and/or administrator who is in possession, custody, or

      control of the Defendants' goods bearing one or more of the Smiley Marks or Copyrighted Works, including but not limited to Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform, DHgate.com, eBay Inc., SIA Joom, which operates the Joom.com platform, and ContextLogic, Inc., which operates the Wish.com platform, shall permanently cease fulfillment of and sequester those goods, and surrender the same to the Plaintiffs.

3. All funds currently restrained or held on account for all the Defendants by all financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms, including but not limited to, Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform ("AliExpress"), Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. ("Ant Financial Services"), AliPay (China) Internet Technology Co. Ltd. and Alipay.com Co., Ltd. (collectively, "Alipay"), Worldpay US, Inc. ("Worldpay"), Dunhuang Group which operates the DHgate.com and DHPay.com platforms, Camel FinTech Inc, SIA Joom, which operates the Joom.com platform ("Joom"), and PayPal, Inc. ("PayPal"), and their related companies and affiliates, are to be immediately (within 5 business days) transferred by the previously referred to financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms and by the Defendants, to the Plaintiff and/or the Plaintiff's counsel in partial satisfaction of the monetary judgment entered herein against each Defendant. All financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms, including but not limited to AliExpress, Alipay, Dhgate, Dhpay, Joom, Wish, Wishpay, Amazon, Amazon Pay, eBay, Etsy, and/or Taobao, and their related companies and affiliates, shall provide to the Plaintiff at the time the funds are released, a breakdown reflecting the (i) total funds restrained in this matter per Defendant; (ii) total chargebacks, refunds, and/or transaction reversals deducted from each Defendant's funds restrained prior to release; and (iii) total funds released per Defendant to the Plaintiff.

Finally, the Court directs the clerk to **release** the $10,000 **bond** posted by the Plaintiff and **close** this case. All pending motions, if any, are **denied as moot**.

**Done and ordered** in Miami, Florida, on April 26, 2024.

_____
Robert N. Scola, Jr.
United States District Judge